UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

LIUDMILA A. STOROZHENKO,

      Debtor.

_____/

Case No. 11-57443

Chapter 7

Judge Thomas J. Tucker

## OPINION REGARDING DEBTOR'S DAMAGES FOR
## DAVID FINDLING'S WILLFUL VIOLATION OF THE AUTOMATIC STAY

### A. Introduction

This case came before the Court for a hearing on August 24, 2011, on the Debtor's motion entitled "Motion for Sanctions for Violation of the Automatic Stay."[1] On September 16, 2011, the Court issued a written opinion and an order, determining that David Findling willfully violated the automatic stay, and that Debtor is entitled to an award of any damages she suffered because of the stay violation, under 11 U.S.C. § 362(k)(1).[2] In the September 16 Order, the Court required Debtor to file an itemization "of all reasonable and actual damages, including costs and attorney fees, caused by Findling's willful violation of the automatic stay, as described in the Opinion."[3]

Debtor filed her damages itemization on September 23, 2011 (the "Itemization"), and Findling timely filed objections to the Itemization on September 30, 2011.[4] Debtor then filed a

---

[1] Docket # 28.

[2] Docket ## 53, 54. The Court denied Debtor's request for punitive damages. In addition, the Court filed an opinion and order denying Findling's motion for reconsideration, on September 23, 2011 (Docket # 66).

[3] Docket # 54.

[4] Docket ## 64, 73.

Reply, on October 3, 2011.[5]

The Court has reviewed these papers, and the exhibits attached to them, and concludes that a further hearing is not necessary. For the reasons stated in this opinion, the Court will enter a judgment in favor of Debtor and against David Findling in the total amount of $4,301.18, under 11 U.S.C. § 362(k)(1), for Findling's willful violation of the automatic stay.

Debtor's Damages Itemization is limited to attorney fees, plus costs in the amount of $29.18, which Debtor claims she incurred because of Findling's stay violation. The fees are detailed in Exhibit A to the Itemization,[6] and a revised itemization of the fees (in the same total amount) is attached as Exhibit B to Debtor's Reply.[7] The fees are based on the time spent by Debtor's two attorneys, Aaron J. Scheinfield and Martin L. Fried, doing specified work, at stated hourly rates for each attorney.[8] The fees total $5,592.00, and Debtor seeks a damages award against Findling in this amount, plus $29.18 in costs, for a total of $5,621.18. Findling makes several objections to the fees and costs claimed.

The Court's findings and conclusions are as follows.

**B. Findling's objections**

The Court will address Findling's objections according to the paragraph number in which they appear in Findling's Objection document (Docket # 73).

1. **Objections in ¶¶ 1 and 2**: These objections are overruled in their entirety. Using the

---

[5] Docket # 74.

[6] Docket # 64, Exhibit A.

[7] Docket # 74, Exhibit B.

[8] The hourly rates are stated in Debtor's Exhibit filed at Docket # 65. The rates are $400.00 for Mr. Fried, and $240.00 for Mr. Scheinfield.

standard set out in this Court's opinion in *In re Moss*, 320 B.R. 143, 158 (Bankr. E.D. Mich. 2005), "(1) the fee [itemization] contains 'sufficient information to permit the court to evaluate the necessity of the service provided, the reasonableness of the time spent on the service, and the reasonableness of the fee charged for the service - - including the need for a conference," and (2) the court finds that such conferences were necessary and [beneficial]." The Court finds that the attorney conferences shown by the revised itemization, including conferences between Debtor's bankruptcy counsel and Debtor's state court counsel Mr. Bordolay, were reasonable and necessary, given the level of complexity of this stay-violation matter.

2. **Objection in ¶ 3**: This objection is overruled in its entirety. The Court finds that the work done and the time spent by Mr. Fried does not constitute unnecessary duplication of the work of Mr. Scheinfield.

3. **Objection in ¶ 4**: This objection is sustained. The Court finds that, in this Chapter 7 case, at least, Mr. Fried's rate of $400.00 per hour is unreasonably high for the nature and complexity of the work at issue. Even though this stay-violation matter was rather complex, as noted above, the Court finds that the work Mr. Fried did reasonably could have been done by someone with an hourly rate of $240.00, which is Mr. Scheinfield's rate. The Court also notes that the only hourly rate specified in the Rule 2016(b) statement, filed by Debtor and her attorneys on July 7, 2011, is $240.00 per hour.[9] The Court finds that a reasonable hourly rate for the work

---

[9] Docket # 11, at pdf pp. 27-28, ¶ 2(B). Admittedly, the Rule 2016(b) statement says that the scope of work it covers does not include, among other things, "relief from stay actions, . . . or any other adversary or contested proceeding." *Id.* at ¶ 5. But there is no other Rule 2016(b) statement on file in this case that does cover such work, let alone one that specifies an hourly rate for Debtor's counsel higher than $240.00 per hour.

3

11-57443-tjt    Doc 78    Filed 10/25/11    Entered 10/25/11 11:27:52    Page 3 of 5

done both by Mr. Fried and by Mr. Sheinfield is $240.00 per hour.[10]

The Court therefore will reduce the fees for all of Mr. Fried's allowed time to reflect a rate of $240.00 per hour. The total time spent by Mr. Fried that is being allowed by the Court (*see* discussion of the disallowed time, below) is 5.3 hours. Multiplying that number of hours by $160.00 per hour (the difference between $400.00 per hour and $240.00 per hour), equates to a reduction in the allowed fees of **$848.00**.

4. **Objection in ¶ 5**: The Court finds that this objection (to "lumping" in the time entries) is overcome and rendered moot by the revised itemization filed with Debtor's Reply,[11] which does not contain improper, undue lumping.

5. **Objection in ¶ 6**: These objections are sustained to the following extent, and otherwise are overruled. The following time entries by Debtor's counsel are disallowed, because the work was not reasonably and necessarily required due to Findling's willful stay violation. To put it another way, the following time entries may represent work reasonably done in counsel's general representation of Debtor in her bankruptcy case and in connection with Debtor's other disputes with Findling, but they are not sufficiently related to Findling's willful stay violation. The disallowed time entries[12] are:

> • the two AJS time entries for 8/5/11 and one-half the time for MLF for 8/5/11, all regarding efforts to settle Findling's claims against the Debtor, totaling .3 hours (= **$88.00**)

---

[10] Findling did not object the Mr. Scheinfield's hourly rate of $240.00.

[11] Docket # 74, Exhibit B.

[12] Citations to specific time entries in this paragraph of the Court's opinion are to entries contained in the revised itemization filed with Debtor's Reply, at Docket # 74, Exhibit B.

4

• the second AJS time entry for 9/18/11, and the first two AJS time entries for 9/19/11, regarding further efforts to settle all of Findling's claims against the Debtor, totaling .5 hours
(= **$120.00**)

• all three of the AJS time entries for 9/21/11, and the MLF time entry for 9/21/11, totaling .9 hours (because, as Findling correctly points out, Debtor's counsel could not file a response to Findling's motion for reconsideration unless the Court ordered them to, under L.B.R. 9024-1(a)(2))[13]
(= **$264.00**)

6. **Objections in ¶¶ 7, 8, and 9**: These objections are overruled in their entirety. Debtor's revised itemization adequately shows the calculation of, and documents the reasonableness of, these mileage, parking, and copying expenses, as well as their relatedness to Findling's stay violation.

7. **Objections in ¶ 10**: These objections are overruled in their entirety.

## C. Conclusion

The reductions in the attorney fees claimed by Debtor that are being made, as described above, total $1,320.00. The balance remaining, $4,272.00 [$5,592.00 - $1,320.00 = $4,272.00], plus the expenses claimed of $29.18, will be allowed. The Court finds that these attorney fees and expenses in these amounts, which total $4,301.18, are the reasonable and actual damages incurred by Debtor due to Findling's willful violation of the automatic stay.

For these reasons, the Court will enter a judgment in favor of Debtor and against David Findling in the amount of $4,301.18, under 11 U.S.C. § 362(k)(1).

**Signed on October 25, 2011**                    /s/ Thomas J. Tucker
                                                  **Thomas J. Tucker**
                                                  **United States Bankruptcy Judge**

---

[13] The Court did not so order; rather, the Court denied Findling's reconsideration motion without a hearing, on September 23, 2011 (Docket # 66).